IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FIRST FINANCIAL BANK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0731-WS-M |
| | ) |
| **CS ASSETS, LLC,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant CS Assets, LLC's Partial Motion to Dismiss (doc. 5). The Motion has been briefed and is ripe for disposition.

**I.      Background.**

Plaintiff, First Financial Bank, filed its Complaint for Redemption of Real Property in the Circuit Court of Baldwin County, Alabama, on or about November 7, 2008. Defendant, CS Assets, LLC, subsequently removed the action to this District Court, predicating federal subject matter jurisdiction on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

The Complaint alleges, *inter alia*, that CS Assets purchased certain real property owned by nonparty West Beach, LLC at a foreclosure sale; that First Financial held a junior mortgage covering certain portions of that real property; that CS Assets had actual knowledge of West Beach's indebtedness and the First Financial mortgage at the time of the foreclosure sale; and that First Financial wishes to exercise its statutory right of redemption pursuant to Alabama Code §§ 6-5-247 *et seq.* More specifically, the Complaint alleges that on April 7, 2007, West Beach executed a mortgage (the "Mortgage") in First Financial's favor as security for an indebtedness that West Beach has never repaid. (Complaint, ¶ 2.) That Mortgage (which is attached to the Complaint as Exhibit B) reflects that West Beach granted First Financial a mortgage interest in five specific enumerated parcels of real property, labeled Parcels A, B, C, D

and E in the Mortgage.  (*Id.*, ¶ 2 & Exh. B.)[1]

According to the Complaint, the foreclosure sale occurred on November 30, 2007, at which time CS Assets purchased "certain lands mortgaged by West Beach," as to which lands CS Assets is now holder of the fee title.  (*Id.*, ¶ 1.)  The Foreclosure Deed (which is attached to the Complaint as Exhibit A) reflects that CS Assets purchased Parcels A, B, C, D and E (*i.e.*, the very parcels as to which First Financial possessed an interest via the Mortgage), but also purchased two other parcels at that time as part of the same sale.  In particular, the Foreclosure Deed identifies a Parcel F as well as a separate and discrete parcel described by metes and bounds (the "Metes and Bounds Parcel"), with no alphabetic designation.  (*Id.*, ¶ 1 & Exh. A.)  The Complaint does not allege that First Financial has ever held a mortgage interest, or any other cognizable legal or equitable interest, in Parcel F or the Metes and Bounds Parcel.  According to the well-pleaded allegations of the Complaint, however, Parcels A through E (as to which First Financial was a junior mortgagee) and Parcel F and the Metes and Bounds Parcel (as to which First Financial was not a mortgagee at all) were sold together at foreclosure as a package deal in a single transaction; indeed, the Complaint states that "[a]ll of the lands described in the Foreclosure Deed ... were sold at foreclosure as one unit."  (*Id.*, ¶ 4.)[2]

The relief sought by First Financial in the Complaint is, *inter alia*, that it be permitted to exercise redemption rights pursuant to Alabama Code § 6-5-256 and that "the Court declare and determine it is entitled to redeem from foreclosure the lands described in [the Foreclosure Deed attached to the Complaint]."  (Doc. 1, at 4.)  A plain reading of the Complaint is that First

---

[1] The Mortgage identifies each of Parcels A through E by their legal descriptions, which are specifically recited therein.  For the sake of efficiency, the Court will not recite each of those five legal descriptions here, but will simply refer to those Parcels by the alphabetic designations listed for each in the Mortgage.  The same principles apply to Parcel F and the Metes and Bounds Parcel discussed *infra*.

[2] The foreclosure sale of all of the parcels as a single unit does not appear improper or unseemly under Alabama law.  *See Semmes Nurseries, Inc. v. McDade*, 263 So.2d 127, 132-33 (Ala. 1972) ("Ordinarily mortgaged property should be sold by separate parcels, where it appears that sale of a portion will bring enough to satisfy the amount of the debt that is due, or, where a larger price will be brought by such method.  But if the court finds that a sale of the whole will be most beneficial, the whole may be sold in the first instance ....") (citation and internal quotation marks omitted).

Financial seeks to exercise a right of redemption not only as to Parcels A through E (as to which it was purportedly a junior mortgagee), but also as to Parcel F and the Metes and Bounds Parcel (neither of which were encumbered by First Financial).  The narrow legal question presented by CS Assets' Motion to Dismiss is whether First Financial has standing (or, alternatively, whether it has stated a legally cognizable claim) for redemption of Parcel F and the Metes and Bounds Parcel, as to both of which First Financial does not profess to be a mortgagee or to possess any legal or equitable interest.

## II.     Analysis.

At its core, "[r]edemption involves a buying back of the property." *Morgan Plan Co. v. Bruce*, 97 So.2d 805, 808 (Ala. 1957).  The Eleventh Circuit has concisely summarized Alabama's redemption statute in the following terms:  "Alabama law recognizes a statutory right of redemption, which entitles certain persons ... to obtain title to foreclosed property within one year of the foreclosure sale by tendering the price paid at the sale plus interest and other lawful charges."  *In re Poe*, 477 F.3d 1317, 1319 (11th Cir. 2007).  "The right to redeem is triggered by the foreclosure sale, and the scope of what real estate may be redeemed is governed by what was sold at the foreclosure sale."  *Id.* at 1321.  In Alabama, "[t]he right to redeem property after foreclosure is conferred exclusively by statute."  *Federal Home Loan Mortg. Corp. v. Bates*, 644 So.2d 925, 927 (Ala. 1994).[3]  "The traditionally recognized purpose of the statutory right of redemption is ... the 'rescue' from sacrifice of a debtor's property."  *Costa and Head (Birmingham One), Ltd. v. National Bank of Commerce of Birmingham*, 569 So.2d 360, 362-63 (Ala. 1990); *see also Poe*, 477 F.3d at 1321 (describing purpose of Alabama's redemption statute

---

[3]     *See also Costa and Head (Birmingham One), Ltd. v. National Bank of Commerce of Birmingham*, 569 So.2d 360, 362 (Ala. 1990) ("The right to redeem after a mortgage foreclosure is a statutory right."); *Bank Independent v. Jenkins Builders, Inc.*, 564 So.2d 880, 881 (Ala. 1990) ("The right of redemption is statutory, and it must be exercised in the mode, manner, and time provided by statute."); *McGowan v. Clayton*, 679 So.2d 1136, 1139 (Ala.Civ.App. 1996) (distinguishing between equity of redemption, which arises at time of mortgage and is extinguished upon valid foreclosure sale, and statutory right of redemption, which arises after foreclosure and is a personal privilege); *In re McKinney*, 174 B.R. 330, 334 (Bankr. S.D. Ala. 1994) (after foreclosure sale has been held and mortgage extinguished, "under Alabama law, the only way to redeem the property is through a cash payment of the full amount of the mortgage debt under the right of statutory redemption").

as preventing the sacrifice of real estate at forced sales); *Spencer v. West Alabama Properties, Inc.*, 564 So.2d 425, 427 (Ala. 1990) ("statutory rights of redemption are intended to 'rescue' from 'sacrifice' the property of a debtor").

Whatever rights First Financial may have to redeem the subject property in this action emanate from Alabama Code § 6-5-248(a), which grants junior mortgagees (among others) a right to redeem real estate within one year from the date of a foreclosure sale. The Alabama legislature has made it clear that "[t]he statutory rights of redemption given or conferred by this article are mere personal privileges and not property or property rights." Ala. Code § 6-5-250. Where, as here, a junior mortgagee files a complaint and satisfies the other statutory prerequisites for a redemption action, "the circuit court shall take jurisdiction thereof and settle and adjust all the rights and equities of the parties, as provided in this article." Ala. Code § 6-5-256. In construing a predecessor to this statutory scheme, the Alabama Supreme Court found that "[a] complaint seeking redemption of realty that is deficient or is lacking in the necessary averments is without equity and is due to be dismissed." *Costa and Head*, 569 So.2d at 363.[4]

Bearing that legal framework in mind, the Court now turns to the task at hand. CS Assets is asking this Court to dismiss that portion of First Financial's redemption claim pertaining to Parcel F and the Metes and Bounds Parcel on the ground that the pleadings (including the Mortgage attached to the Complaint) demonstrate that First Financial possesses no cognizable interest in those two parcels. According to CS Assets, because First Financial was admittedly not a mortgagee with respect to those two parcels, it lacks standing to assert a statutory

---

[4] The current version of Alabama's redemption statute applies only to mortgages foreclosed after January 1, 1989. *See* Ala. Code § 6-5-257. Despite the unambiguous authorities identified in footnote 3, *supra*, providing that post-foreclosure redemption in Alabama is a creature of statute, this Order will follow the lead of both the Alabama Supreme Court and the Eleventh Circuit Court of Appeals by considering Alabama case authorities that pre-date the current iteration of the Alabama redemption statute to derive guidance as to the meaning and proper application of statutory redemption principles to the case at bar. In so doing, the Court explicitly recognizes that all of the cited case authorities addressing redemptions from foreclosures that predate January 1, 1989 may be technically distinguishable because they involve a predecessor statutory scheme or a common-law "equity of redemption" theory of relief. Notwithstanding those distinctions, just as the Alabama high court and federal appeals courts have done, the Court finds those pre-1989 foreclosure authorities helpful and instructive to the extent set forth herein.

redemption cause of action as to them.[5]  First Financial responds that its Complaint seeks redemption of all of the foreclosed parcels because "it believes that is the proper course and because prior redemption-plaintiffs have regretted not proceeding in that fashion." (Doc. 11, at 4.)  So the issue presented is whether a junior mortgagee having an interest in certain parcels of real property transferred in a foreclosure sale may also assert an Alabama statutory right of redemption as to certain other parcels transferred in the same foreclosure sale, despite possessing no interest in those other parcels.  Behind this deceptively straightforward question lurks a dense and thorny thicket of undeveloped and unreconciled Alabama legal principles.[6]

After extensive review of Alabama authorities concerning a junior mortgagee's right to redeem parcels as to which it possesses no interest, two overriding principles emerge.  It is the tension between those concepts that leads to the parties' divergent positions on the viability of First Financial's redemption claims concerning Parcel F and the Metes and Bounds Parcel.

---

[5]  To be clear, the Motion to Dismiss is not directed at First Financial's request for redemption of Parcels A through E.  As to those five parcels, the Complaint unquestionably does identify a cognizable interest held by First Financial that would support a statutory right under Alabama law to redeem same from the CS Assets foreclosure sale.  Thus, the Motion to Dismiss, and the Court's analysis of same, is aimed narrowly and solely at First Financial's claims with respect to Parcel F and the Metes and Bounds Parcel.

[6]  To the extent that CS Assets maintains that the law of Alabama is well-settled and well-defined on this point, the Court emphatically disagrees.  In *Costa and Head*, the Alabama Supreme Court cautioned that the issue of whether a mortgagor may redeem property interests extending beyond its own limited or partial interests in the foreclosed property "could have far-reaching implications," but declined to reach it because "it is simply not presented by this case."  569 So.2d at 364 n.1.  Indeed, *Costa and Head* states that "[w]e do not need to address the issue of allowing a mortgagor to redeem a particular portion of mortgaged property when that mortgagor did not have any interest in the remaining portions of the tract." *Id.* at 364.  In light of that court's refusal to reach this issue, CS Assets' contention that "[t]he result of [*Costa and Head*] counsels the grant of Defendant's Motion" (doc. 16, at 5) is inaccurate because *Costa and Head* found that the redeemer did have an interest in the entire tract, not just a portion.  Likewise, in another case the Alabama Supreme Court identified "at least superficial conflict in the cases regarding who can redeem" and suggested that "there may be a legitimate argument that partial redemption should not have been effected in this case," but declined to resolve the conflict or definitively evaluate the argument because the parties opposing redemption had not timely raised their objections.  *Garris v. A & M Forest Consultants, Inc.*, 534 So.2d 577, 580-81 (Ala. 1988).  Thus, Alabama law on this point is hardly as clear-cut as defendant suggests.

The first guiding principle, and the one championed by CS Assets, is that, subject to a narrow statutory exception that is not relevant here,[7] a debtor or junior mortgagee seeking to exercise a right of redemption after foreclosure must have an interest in the property on which foreclosure was taken. *See Costa and Head*, 569 So.2d at 367 n.3 ("It seems to me that no one can argue with the principle that a person who did not have an interest in the mortgaged property should not have a right to redeem it, because that person never owned it in the first place.") (Maddox, J., dissenting).[8] Nearly a century ago, the Alabama Supreme Court ably expressed the common-sense rationale for this general rule that an interest in the property is an essential prerequisite for redeeming that property in the following terms: "Redemption from a sale *ex vi termini* means reviving a right which was lost by virtue of the sale. If no right existed when the

---

[7] On its face, the Alabama statute provides only a limited exception to the general requirement that the party seeking to redeem have an interest in the subject property. *See* Ala. Code § 6-5-248(e) (stating that where debtors or mortgagors "have conveyed their interests in the property but remain liable on the debt and are debtors at the date of the foreclosure sale, the debtors and mortgagors retain their right of redemption under this article"); *Poe*, 477 F.3d at 1321-23 (identifying specific requirements that must be satisfied under § 6-5-248(e) before a person who does not have any interest in property sold can be considered a debtor, and characterizing that section as clarifying possibility that, in limited circumstances, one may remain a debtor for redemption purposes despite no longer having an interest in the property). The § 6-5-248(e) limited exception has no bearing on the facts and circumstances presented here.

[8] *See also Dominex, Inc. v. Key*, 456 So.2d 1047, 1053 (Ala. 1984) (remarking that "only those with an interest in the property can redeem"); *Butler v. Fayette Seed Farms, Inc.*, 195 So.2d 534, 535 (Ala. 1967) (opining that one exercising statutory right of redemption "should have some nexus with the mortgage at the time of the foreclosure"); *Morgan Plan Co. v. Bruce*, 78 So.2d 650, 655 (Ala. 1955) (stating general proposition that "[a] bill to redeem a mortgage may be filed by anyone who owns the mortgagor's equity of redemption, or any subsisting interest in it, by privity of title with him, whether by purchase, inheritance, or otherwise"); *Kelley v. Hurt*, 117 So. 411 (Ala. 1928) ("The very idea of redemption necessarily involves the correlative idea of an interest in the thing sought to be redeemed. It is the rescuing from sacrifice of the debtor's property - not the property of another.") (citation omitted); *Sibley v. Linton Coal Co.*, 69 So. 1, 2 (Ala. 1914) (redemption statutes "were never intended to allow a debtor to redeem property as to which he had not title or interest, legal or equitable, at the time of sale; it is only when the sale cuts off or forecloses rights which he would have and could exercise but for the sale, that the statutory right of redemption is conferred"); *Pitts v. American Freehold Land-Mortgage Co.*, 26 So. 286, 287 (Ala. 1899) (citing treatise for proposition that "[t]o entitle one to redeem he must have an interest in the land").

sale was made, none could be lost thereby; and there is, and can be, nothing to redeem." *Sibley v. Linton Coal Co.*, 69 So. 1, 4 (Ala. 1914) (upon application for rehearing).  Simply put, if as Alabama courts have held, the purpose of a statutory right of redemption is the rescue from sacrifice of a debtor's property, it is extraordinarily difficult to imagine why one lacking any interest in such property could or should be able to "rescue" it from anything.[9]

The second guiding principle of Alabama law, and the one appearing to animate First Financial's framing of the Complaint as seeking redemption of all seven parcels encompassed by the foreclosure sale, is that Alabama courts have long frowned upon piecemeal redemptions. *See, e.g., Costa and Head*, 569 So.2d at 363 (declaring that "[t]he law does not allow piecemeal redemption, absent an agreement providing for it"); *Hargett v. Franklin County*, 103 So. 40, 41 (Ala. 1925) ("It is further declared that redemption cannot be effected by 'piecemeal,' but of the entire tract sold.").  That said, there is no absolute prohibition on piecemeal redemptions under Alabama law.  *See, e.g., Garris v. A & M Forest Consultants, Inc.*, 534 So.2d 577, 581 (Ala. 1988) (opining that while a partial redemption might be objectionable, it "is certainly not void"). In that regard, the Alabama Supreme Court suggested in *Warren v. Ellison*, 35 So.2d 166 (Ala. 1948), that a person whose interest relates to only a portion of the subject property may exercise a right of redemption, provided that the purchaser cannot be required (absent agreement) to accept partial payment and release a part of the foreclosed property.  *See id.* at 168 ("it is a general rule that a person interested in the mortgaged premises, though his interest is related

---

[9] *But see Garris*, 534 So.2d at 581 (recognizing without resolving "superficial conflict" in Alabama case law regarding redemption rights for person possessing legal interest in only a portion of the property); *Francis v. White*, 52 So. 349, 350 (Ala. 1910) (complainant in redemption action need not "be interested in the entire property.  If he owns the equity of redemption in any portion of them [*sic*], he may redeem the entire property.").  Later authorities have suggested, however, that *Francis* does not definitively resolve the question of whether a junior mortgagee of part of the property sold at a foreclosure sale of the senior mortgage "could redeem only the parcel covered by his mortgage, []or whether his right of redemption was limited to that parcel."  *Stewart v. Stephenson*, 10 So.2d 159, 160 (Ala. 1942); *see also Garris*, 534 So.2d at 581 (comparing *Kelley* and *Francis*, and hypothesizing that "[i]t may be that the plaintiffs' [interest in part of the foreclosed property] could have given them the right to redeem the entire property," without deciding same).  Furthermore, First Financial has not cited or relied on *Francis* in support of its position that it may redeem Parcel F and the Metes and Bounds Parcel, notwithstanding its lack of interest in same.

solely to a portion of the premises, is not entitled to redeem a portion of the mortgaged premises without payment of the entire mortgage debt and where one seeks to redeem from a foreclosure where the property has been sold en masse, in the absence of an agreement between the parties, the foreclosure purchaser who has purchased the entire property at a single sale cannot be compelled to accept partial payment and release the premises *pro tanto*").

The question presented by the Motion to Dismiss is how to reconcile the longstanding disfavor of piecemeal redemptions with the general proposition that a right of redemption may be exercised only as to parcels in which the redeemer possesses an interest. By stringing together Parcels A through E, Parcel F, and the Metes and Bounds Parcel under the umbrella of its demand for redemption, First Financial appeared to be attempting to comply with the rule against piecemeal redemptions. After all, if First Financial had excluded Parcel F and the Metes and Bounds Parcel from its redemption request, CS Assets could have sought dismissal of First Financial's petition by invoking Alabama's piecemeal redemptions doctrine. As it stands, First Financial negated any piecemeal redemption challenge by including Parcel F and the Metes and Bounds Parcel in its redemption request, only to have CS Assets file a Motion to Dismiss predicated on First Financial's lack of interest in those two parcels. Thus, First Financial finds itself positioned between Scylla and Charybdis, and any attempt to placate one of these conflicting principles may lead to adverse treatment at the hands of the other. Surely the answer is not that a junior mortgagee in First Financial's shoes is out of luck and unable to exercise a right of redemption at all. *See generally Watts v. Rudulph Real Estate, Inc.*, 675 So.2d 411, 413 (Ala. 1996) ("This Court has held that redemption statutes will be liberally construed in favor of redemption. While their terms are not to be extended by implication beyond what the legislature has authorized or intended, the construction in any case of doubt or ambiguity should be in favor of the right to redeem.") (citations an internal quotation marks omitted).[10] But what, then, is the

---

[10] It bears repeating that the Alabama redemption statute confers upon the courts the authority to "settle and adjust all the rights and equities of the parties, as provided in this article." Ala. Code § 6-5-256. Thus, courts have expressly been given equitable authority by the Alabama legislature in implementing that statute. *See generally Hargett*, 103 So. at 41 (explaining that if the purchaser at a foreclosure sale has conveyed some parcels to other persons, "the aid of a court in equity may be invoked" because the purchaser has "put it beyond the power of the redemptioner to effectuate a redemption of the whole tract of land"). That

answer?

Some light may be shed on the proper treatment of this issue under Alabama law by the two *Pitts* decisions dating back to the turn of the twentieth century. *See Pitts v. American Freehold Land Mortgage Co. of London*, 47 So. 242 (1908); *Pitts v. American Freehold Land Mortgage Co.*, 26 So. 286 (1899). In *Pitts*, there was a foreclosure sale on 680 acres of land. The plaintiffs had an interest in 200 acres of that land by virtue of inheritance on their mother's side, but "never owned any property interest in the 480 acres," which were owned exclusively by their still-living father. 26 So. at 287. The Alabama Supreme Court refused to allow the plaintiffs to redeem the entire 680 acres, but did allow them to redeem the 200-acre tract as to which they possessed an interest, explicitly recognizing their "right to redeem to the extent of their remainder interest in the equity of redemption in the 200 acres." 47 So. at 243; *see also Costa and Head*, 569 So.2d at 364 (summarizing and explaining *Pitts* rulings).

So *Pitts* appears to stand for the proposition that those having an interest in a portion, but not all, of the property conveyed in a foreclosure sale may exercise a right of redemption under Alabama as to those portions in which their interest lies, but not as to those portions of the property in which they have no interest.[11] Nothing in the text of the current iteration of the

---

equitable power would logically come into play to protect a junior mortgagee from being barred from redeeming foreclosed property because the rules disfavoring piecemeal redemption and limiting redemption rights to property in which the redeemer had an interest are functioning at cross-purposes.

[11] Similar guidance may be found in *Bowdoin v. T.S. Faulk & Co.*, 85 So. 503 (Ala. 1920), wherein one N.B. Bowdoin (the wife of one S.B. Bowdoin, who had conveyed all his right, title or interest in the subject property to N.B. Bowdoin) sought to enforce an equity of redemption to certain property that had been previously mortgaged. Among the issues before the Alabama Supreme Court was the status of certain other property called "the J.F. Bowdoin 80 acres," which neither "was given to secure a part of the original mortgage indebtedness" nor "formed a part of the debt for which the mortgages in question were given to secure." *Id.* at 505. As to that 80 acres of property, the *Bowdoin* Court opined as follows: "It seems to have been for a separable and distinct debt, and was a conveyance by J.F. Bowdoin to the bank. We therefore think that the trial court erred in permitting the complainant N.B. Bowdoin to redeem said 80 acres of land under the present bill, and the decree of the trial court to this extent only is reversed, and one is here rendered denying relief as to the said J.F. Bowdoin 80 acres of land." *Id.* As to the rest of the property, however, N.B. Bowdoin was permitted to redeem.

Alabama redemption statute, or the authorities construing same, runs contrary to this notion. Moreover, Alabama courts' reasoning confining redemption rights to those with an interest in the foreclosed property (subject to the one narrow statutory exception) is unassailable. The Court is aware of no persuasive reason, and First Financial has provided none, why that logic should not preclude a junior mortgagee from redeeming parcels of land in which it possesses no mortgage interest. Accordingly, the Court agrees with CS Assets that First Financial's claims to redeem Parcel F and the Metes and Bounds Parcel are properly dismissed because plaintiff lacks a redeemable interest in those parcels.

There is an important caveat and clarification, however. Pursuant to *Pitts*, one might assume that the general disfavor of piecemeal redemptions yields to the doctrine limiting redemption rights to property in which the redeemer has an interest. But the Court need not and does not so conclude. To bar First Financial from redeeming parcels in which it held no interest can be neatly harmonized with, and does no violence to, Alabama's strictures against piecemeal redemptions which prompted First Financial to proceed in that fashion in the first place. Piecemeal redemptions are disfavored because of the burden they visit upon a purchaser; indeed, Alabama's piecemeal redemptions doctrine appears calculated to minimize a purchaser's entanglements with the property and to ensure reimbursement of his entire debt or lawful charges. But the purchaser can waive the right to insist on redemption *in toto*. As the Alabama Supreme Court has explained in the partial redemption context, "It was for the purchaser to insist upon an entire redemption. ***But there can be no reason whatever why redemption in parcels may not be had, the purchaser being willing***." *Francis v. White*, 52 So. 349, 350 (Ala. 1910) (emphasis added); *see also Costa and Head*, 569 So.2d at 363 (acknowledging that "[t]he law does not allow piecemeal redemption, ***absent an agreement providing for it***") (emphasis added). Thus, even assuming that Alabama law would oblige First Financial to bring a redemption action as to all seven parcels in the first instance to comport with the rule against piecemeal redemptions, CS Assets can waive that requirement (which is, after all, there for its benefit). By objecting to First Financial's listing of Parcel F and the Metes and Bounds Parcel among the parcels it seeks to redeem and seeking the dismissal of those aspects of First Financial's claim, CS Assets (the purchaser and the entity whom the rule against piecemeal redemptions was designed to protect) has done just that. Having effectively waived any right it had to insist that

all seven parcels be included in First Financial's redemption, CS Assets cannot play a strategic game of "gotcha" by protesting as this action goes forward that First Financial is engaging in an improper piecemeal redemption action.

### III.    Conclusion.

First Financial has never alleged, or even suggested, that it has any cognizable interest in Parcel F and the Metes and Bounds Parcel; rather, it appears to have named those parcels in this redemption action solely in an attempt to abide by the rule disfavoring piecemeal redemptions. Given the common-sense notion under Alabama law that (subject to a narrow statutory exception that is inapplicable here) one cannot redeem property in which one has no interest, and given that the purposes of the redemption device would be in no way served by allowing redemption in that scenario, First Financial has not stated a claim on which relief can be granted insofar as it seeks redemption of those two parcels.  Accordingly, the Motion to Dismiss (doc. 5) is **granted**, and plaintiff's claims for redemption of Parcel F and the Metes and Bounds Parcel are **dismissed**; provided, however, that by virtue of having pursued this Motion, CS Assets has waived any right it may have had to object to this action as an improper piecemeal redemption.  In so ruling, the Court expressly invokes its equitable powers to adjust the rights and equities of the parties, as conferred by Alabama Code § 6-5-256.

CS Assets is **ordered** to file an answer to the Complaint on or before **April 20, 2009**.

DONE and ORDERED this 6th day of April, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE